United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DANIEL G. FLESCH,
Plaintiff,

v.

COUNTY OF LAKE, et al.,
Defendants.

Case No. 21-cv-02018-SI

**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS; DENYING DEFENDANT BROWN'S MOTION TO STRIKE AS MOOT**

Re: Dkt. Nos. 15, 16, 22

Before the Court are motions to dismiss filed by defendants Robert Brown and County of Lake, and a motion to strike filed by defendant Robert Brown. Dkt. Nos. 15, 16, 22. On July 23, 2021, the Court held a hearing on the motions. For the reasons set forth below, the Court **GRANTS** the motions to dismiss filed by Defendant Brown and the County of Lake, **GRANTS** plaintiff leave to amend, and **DENIES AS MOOT** Defendant Brown's Motion to Strike.

**BACKGROUND**

Plaintiff is a Senior Deputy District Attorney at the Lake County District Attorney's Office. Dkt. No. 1 at ¶ 1. On March 23, 2021, plaintiff Daniel G. Flesch filed a complaint alleging fifteen federal and state civil rights violations against defendants Robert Brown, the County of Lake, and DOES 1-50[1]: (1) Illegal Intrusion on First Amendment Right to Free Speech in Violation of 42 U.S.C. §1983; (2) Retaliation – Exercising Free Speech Monell Action-Based on Official Policy,

[1] Plaintiff's Complaint named DOES 1-50 as defendants. In the Complaint, plaintiff stated that, "Plaintiff Flesch is not aware of the true names and capacities of the Defendants sued herein as Does 1-50 and therefore, sues such Defendants by these fictitious names. Plaintiff Flesch will amend this Complaint to allege their true names and capacities when ascertained." Dkt. No. 1 at 4:3-5.

Practice, or Custom in Violation of 42 U.S.C. §1983; (3) Retaliation – Exercising Free Speech Monell Action-Based on Act of Final Policymaker in Violation of 42 U.S.C. §1983; (4) Retaliation - Exercising Free Speech Monell Action-Based on Ratification in Violation of 42 U.S.C. §1983; (5) Retaliation – Exercising Free Speech Monell Action-Based on Policy of Failure to Train or Supervise in Violation of 42 U.S.C. §1983; (6) Discrimination – Equal Protection Civil Rights Claim under 42 U.S.C. §1983; (7) Discrimination – Title VII of the Civil Rights Act of 1964; (8) Retaliation – Title VII of the Civil Rights Act of 1964; (9) Retaliation – California Labor Code §1102.5; (10) Religious Discrimination – California Fair Employment and Housing Act; (11) Retaliation – California Fair Employment and Housing Act; (12) Harassment- California Fair Employment and Housing Act; (13) Failure to Prevent Discrimination, Harassment, and Retaliation – California Fair Employment and Housing Act; (14) Intentional Infliction of Emotional Distress; and (15) Negligent Infliction of Emotional Distress. Dkt. No. 1. According to the complaint, plaintiff brings this action against Defendant Brown in his capacity as a member of the Board of Supervisors. *Id*. at ¶ 32.

Plaintiff's claims arise from investigations and disparaging comments allegedly made by Defendant Brown, a member of the County of Lake Board of Supervisors, and plaintiff's supervisors and coworkers between August 2014 and August 2020. Dkt. No. 1. On May 05, 2021, defendant Brown a motion to dismiss and motion to strike. Dkt. No. 15. On May 19, 2021, plaintiff filed an opposition to defendant Brown's motions. Dkt. No. 20. On May 26, 2021, Defendant Brown filed replies. Dkt. No. 23.

On May 25, 2021, the County filed a motion to dismiss. Dkt. No. 22. On June 8, 2021, plaintiff filed an opposition. Dkt. No. 30. On June 15, 2021, the County filed a reply. On July 23, 2021, the Court heard oral argument on all motions.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir.1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir.2008).

If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir.2000) (citations and internal quotation marks omitted).

## DISCUSSION

### I. Defendant Brown's Motion to Dismiss[2]

Defendant Brown moves to dismiss plaintiff's first, sixth, fourteenth, and fifteenth causes of action alleging violations of 42 U.S.C. § 1983 based on First Amendment Right to Free Speech; 42

[2] Defendant Brown requests the Court take judicial notice of: (1) plaintiff's tort claim for damages, received by the County of Lake on February 5, 2019; (2) County of Lake's Notice of Rejection of plaintiff's tort claim for damages, issued on May 31, 2019; (3) plaintiff's complaint for damages, filed in Lake County Superior Court on October 30, 2019; and (4) plaintiff's Request for Dismissal, filed in Lake County Superior Court on March 29, 2021. Dkt. No. 15-1.

The Court hereby **GRANTS** defendant's request for judicial notice. *See Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010) ("On a motion to dismiss, [the Court] may consider . . . matters of public record."); *Holder v. Holder*, 305 F.3d 854, 866 (9th Cir. 2002) (finding court documents already in the public record and filed in other courts are subject to judicial notice); *Tan v. GrubHub, Inc.*, 171 F.Supp.3d 998, 1016 n.2 (N.D. Cal.2016) (finding exhibits filed on the public docket in state court are subject to judicial notice).

U.S.C. § 1983 based on Fourteenth Amendment Equal Protection; intentional infliction of emotional distress ("IIED"); and negligent infliction of emotional distress ("NIED").

**A. Plaintiff's Federal Claims**

The complaint alleges defendant Brown violated 42 U.S.C. § 1983 based on the First Amendment Right to Free Speech and Fourteenth Amendment Equal Protection. Dkt. No. 1 at 17-19; 29-31. Defendant Brown argues plaintiff's federal claims are (1) limited by the statute of limitations and (2) fail to state a claim upon which relief could be granted.

**1. Statute of Limitations**

Defendant argues plaintiff's federal claims are barred by the two-year statute of limitations period.[3] Dkt. No. 15 at 2:9-10. Plaintiff argues plaintiff's claims are timely under the continuing violations doctrine. Dkt. No. 20 at 6-7.

The continuing violations doctrine allows a plaintiff to seek relief for events outside of the statute of limitations period. *Bird v. Dep't of Human Services*, 935 F.3d 738, 746 (9th Cir. 2019) (internal citations omitted). The Ninth Circuit has explained the continuing violations doctrine may apply to either "a series of related acts, one or more of which falls within the limitations period," or "the maintenance of a discriminatory system both before and during [the limitations] period." *Id.* (internal quotation omitted). However, after the Supreme Court's decision in *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002),

> little remains of the continuing violations doctrine. Except for a limited exception for hostile work environment claims—not at issue here—the serial acts branch is virtually non-existent. Moreover, while we have left room for the systematic branch to apply to class-wide pattern-or-practice claims . . . we have consistently refused to apply the systematic branch to rescue individualized claims that are otherwise time-barred.

*Id.* at 748 (internal citation omitted).

[3] The parties agree that the general statute of limitations for all claims is two years. Dkt. No. 20 at 4:15-16; Dkt. No. 23 at 4:9-10.



United States District Court
Northern District of California

Plaintiff argues defendant Brown's actions showed a pattern to force plaintiff out of a job, destroy plaintiff's legal reputation, and prevent plaintiff from raising any further reports in the District Attorney's Office. Dkt. No. 20 at 7. However, plaintiff's reliance on separate alleged violations by defendant Brown is insufficient to plead a class-wide pattern-or-practice claim. *See Pouncil v. Tilton*, 704 F.3d 568, 579 (9th Cir. 2012) ("[I]ndividualized decisions are best characterized as discrete acts, rather than as a pattern or practice of discrimination.") (internal citation and quotation omitted). The complaint asserts each of Defendant Brown's alleged violations as independent bases for liability. *See id.* at 578-79 ("[A] court must determine whether a claim is based on an independently wrongful, discrete act, and if it is, then the claim accrues, and the statute of limitations begins to run, from the date of that discrete act, even if there was a prior, related past act.").

Accordingly, the Court finds that the continuing violations doctrine does not apply to plaintiff's federal claims. The Court will evaluate the sufficiency of plaintiff's complaint relating to defendant Brown based on allegations occurring after March 23, 2019.[4]

**2. Sufficiency of Claims**

Defendant Brown argues plaintiff's federal claims, pursuant to Federal Rule of Civil Procedure 12(b)(6), fail to plead a claim upon which relief can be granted.

**a. Allegations for violations of 42 U.S.C. § 1983 First Amendment Freedom of Speech**

In order to state a claim against a government *employer* for violation of the First Amendment, an employee must show (1) that he or she engaged in protected speech; (2) that the

[4] Factual allegations after March 23, 2019 include: (1) "In July 2019, Plaintiff was again informed that Defendant Brown was making disparaging comments regarding Plaintiff to Deputy District Attorney Lisa Obrien";(2) "In November 2019, Defendant Brown called Plaintiff a "piece of shit" publicly outside of the courtroom of Department 3."; and (3) On or about January 14, 2020, Defendant Brown, in public, called Plaintiff "Bernie Flesch," apparently referring to Plaintiff's Jewish faith. This occurred in public to other members of the public within Plaintiff's hearing." Dkt. No. 1 at 36, 41, 43.

employer took 'adverse employment action'; and (3) that his or her speech was a 'substantial or motivating' factor for the adverse employment action." *Coszalter v. City of Salem*, 320 F.3d 968, 973 (9th Cir.2003) (emphasis added).

Defendant Brown argues the complaint fails to plead facts supporting defendant Brown took adverse employment action against plaintiff. Dkt. No. 15 at 11. Plaintiff argues defendant Brown used his position and relationships as a member of the board of supervisors to retaliate against plaintiff.[5] Dkt. No. 20 at 16-17.

The Court finds the complaint fails to sufficiently plead defendant Brown performed an adverse employment action against plaintiff. The complaint neither pleads how defendant Brown, a member of the County of Lake Board of Supervisors, is plaintiff's employer nor how defendant Brown's actions constitute adverse action by an employer. *See Coszalter v. City of Salem*, 320 F.3d at 974-75 ("The goal [in First Amendment retaliation cases] is to prevent, or redress, actions by a *government employer* that 'chill the exercise of protected' First Amendment rights.") (internal citation omitted) (emphasis added). Indeed, plaintiff stated "Defendant Brown . . . is not plaintiff's employer". Dkt. No. 20 at 1. Accordingly, the Court **GRANTS** Defendant Brown's motion to dismiss with leave to amend.

**b. Allegations for violations of 42 U.S.C. § 1983 Fourteenth Amendment Equal Protection**

Defendant argues the complaint fails to allege similarly situated employees to plaintiff were treated more favorably because they were not practicing the Jewish faith. Dkt. No. 15 at 14. Plaintiff argues the complaint pleads that plaintiff is a member of a protected class, based on plaintiff's Jewish faith, and defendant Brown referred to plaintiff as "Bernie Flesch," referring to plaintiff's Jewish faith. Dkt. No. 20 at 17.

"To state a § 1983 claim for violation of the Equal Protection Clause, a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon

---

[5] In plaintiff's opposition, plaintiff argues defendant Brown used his position as a "bail bondsman" to act against plaintiff. Dkt. No. 20 at 17. However, the complaint makes no reference to defendant Brown as a bail bondsman. The complaint only refers to defendant Brown in his individual capacity as a member of the Board of Supervisors.

membership in a protected class." *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166 (9th Cir. 2005).

The Court finds that plaintiff did not allege sufficient facts showing defendant Brown or the County intended to discriminate against plaintiff based on plaintiff's Jewish faith. *See Vill. of Arlington Heights v. Metro. Hous. Dev. Corp*., 429 U.S. 252, 265 (1977) ("discriminatory intent or purpose is required to show a violation of the Equal Protection Clause").

**B. Plaintiff's State Claims**

Defendant Brown alleges plaintiff's claims of IIED and NIED fail to state a claim upon which relief could be granted. Dkt. No. 15 at 5-17.

**1. IIED**

Defendant argues the complaint fails to sufficiently plead conduct that is extreme or outrageous. Dkt. No. 15 at 14:26-27; 16:11-21. Plaintiff argues that defendant's conduct "was ongoing, extreme and outrageous that ranges from open displays of harassment, retaliation, and discrimination, that have lasted years and continue." Dkt. No. 20 at 10:21-23.

To prevail on an IIED claim, a plaintiff must prove: "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." *Avina v. United States*, 681 F.3d 1127, 1131 (9th Cir. 2012).

The Court finds the complaint fails to sufficiently plead how defendants' actions were extreme and outrageous conduct. *See Tekle v. United States*, 511 F.3d 839, 855 (9th Cir. 2007) ("Outrageous conduct. . . [is] so extreme as to exceed all bounds of that usually tolerated in a civilized community.") "Liability for [IIED] does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." *Hughes v. Pair*, 209 P.3d 963, 976 (2009). For this additional reason, the Court **GRANTS** defendant Brown's motion to dismiss, with leave to amend.

United States District Court
Northern District of California

**2. NIED**

Defendant argues the complaint fails to sufficiently plead defendant Brown owed a specific duty of care to plaintiff. Dkt. No. 23 at 3:23-24.

"NIED is simply a form of negligence, and NIED claims must satisfy the traditional elements of duty, breach of duty, causation, and damages." *Averbach v. Vnescheconombank*, 280 F.Supp.2d 945, 960 (N.D. Cal. Aug. 19, 2003). A duty may arise where it is assumed by the defendant, imposed as a matter of law, or arises out of a relationship between the two. *See Burgess v. Sup. Ct.*, 831 P.2d 1197 (1992).

The Court finds that the complaint fails to establish how defendant assumed a duty of care to plaintiff. The complaint does not sufficiently plead how defendant Brown assumed a duty of care over plaintiff and plaintiff fails to cite authority for the proposition that defendant owes a specific duty of care as "an elected member of the Board of Supervisors and a colleague within the courthouse." *See Regents of U. of California v. Sup. Ct.*, 413 P.3d 656, 664-66 (2018) (explaining special relationships include common carriers and innkeepers with their guests; a business or landowner with invited guests; a landlord with tenants; a guard with those in custody; an employer with its employees and; a school with its students). For this additional reason, the Court **GRANTS** defendant Brown's motion to dismiss, with leave to amend.

## II. County of Lake's Motion to Dismiss

Defendant County of Lake ("the County") moves to dismiss the complaint's first, second, third, fourth, fifth, seventh, tenth, twelfth, fourteenth, and fifteenth causes of action.[6] For the reasons

[6] The causes of action include are (1) "Illegal Intrusion on First Amendment Right to Free Speech in Violation of 42 U.S.C. § 1983"; (2) "Retaliation – Exercising Free Speech Monell Action-Based on Official Policy, Practice, or Custom in Violation of 42 U.S.C. §1983"; (3) "Retaliation – Exercising Free Speech Monell Action-Based on Act of Final Policymaker in Violation of 42 U.S.C. §1983"; (4) "Retaliation – Exercising Free Speech Monell Action-Based on Ratification in Violation of 42 U.S.C. §1983"; (5) "Retaliation – Exercising Free Speech Monell Action-Based on Policy of Failure to Train or Supervise in Violation of 42 U.S.C. §1983"; (7) "Discrimination – Title VII of the Civil Rights Act of 1964"; (10) "Religious Discrimination – California Fair Employment and Housing Act"; (12) "Harassment- California Fair Employment and Housing Act"; (14) "Intentional Infliction of Emotional Distress"; and (15) "Negligent Infliction of Emotional Distress." Dkt. No. 1.

United States District Court
Northern District of California

stated below, the Court **GRANTS** the County's motion to dismiss.

**A. First and Second Causes of Action: First Amendment Right to Free Speech in Violation of 42 U.S.C. § 1983**

The County argues plaintiff's first cause of action fails to sufficiently plead facts to demonstrate municipal liability under any *Monell* theory. Dkt. No. 22 at 4. Plaintiff argues the complaint demonstrated a persistent and widespread custom of the County intruding on his First Amendment right to free speech. Dkt. No. 30 at 9.

The Court finds the complaint fails to sufficiently plead municipal liability under *Monell* liability. The complaint states "defendants' intentional and negligent actions and failures, including . . . training and hiring practices along with failure to investigate and remedy unlawful activity as alleged . . . constitute a policy, pattern, and/or custom of violations of the Civil Rights Laws of the United States. . . deprived plaintiff of his . . . right to free speech" and the County "failed to take steps to prevent Defendant Brown from taking these illegal actions against Mr. Flesch when it had notice." Dkt. No. 1 at ¶¶ 67, 69. This language fails to identify any content of the County's alleged policy or custom resulting in plaintiff's alleged deprivation of rights under the first amendment. *See Monell v. Dept. of Social Services of the City of N.Y.*, 436 U.S. 658, 694 (1978) ("[I]t is when execution of a government's policy or custom . . . inflicts the injury that the government as an entity is responsible under § 1983."); *Mendy v. City of Fremont*, 13-cv-04180-MMC, 2014 WL 574599 at *3 (N.D. Cal. Feb. 12, 2014) (dismissing municipal liability claim based on unsupported allegation of an "informal custom or policy that tolerates and promotes the continued use of excessive force and cruel and unusual punishment against and violation of civil rights of citizens by City police officers in the manner alleged [elsewhere in the complaint]"). Moreover, the complaint fails to plead how the County's alleged policy or custom caused deprivation of plaintiff's first amendment rights or how the policy or custom was otherwise deficient. *See Howard v. Contra Costa County*, 13-cv-3626-NC, 2014 WL 824218 at * 14 (N.D. Cal. Feb. 28, 2014) (dismissing claim that county had policy or custom of failing to properly train employees where "the complaint does not identify what the training practices were, or how they were deficient).

Accordingly, the complaint fails to plead sufficient facts supporting *Monell* liability for

United States District Court
Northern District of California

plaintiff's first and second causes of action. The Court **GRANTS** the County's motion to dismiss, with leave to amend.

**B. Third and Fourth Causes of Action: Retaliation – Exercising Free Speech Monell Action-Based on Act of Final Policymaker in Violation of 42 U.S.C. §1983**

The County argues the complaint's identification of defendant Brown as a final policymaker fails to establish *Monell* liability. Dkt. No. 22 at 6-7. Plaintiff argues defendant Brown was involved in plaintiff's retaliation, harassment, and discrimination. Dkt. No. 30 at 11.

The complaint alleges defendant Brown "had final policymaking authority as a member of the Board of Supervisors for the County of Lake District Attorney's Office from the County concerning these acts herein alleged. When Defendant Brown engaged in these acts, he was acting as a final policymaker for Defendant County." Dkt. No. 1 at ¶¶ 94, 95. However, the complaint fails to identify the ratifying actions that Defendant Brown allegedly committed and whose actions Defendant Brown, as a policymaker, ratified. *See Gillette v. Delmore*, 979 F.2d 1342, 1346–47 (9th Cir. 1992) ("[P]laintiff may prove that an official with final policy-making authority ratified a subordinate's unconstitutional decision or action and the basis for it."). Moreover, the complaint fails to plead which policymaker from the County allegedly ratified defendant Brown's conduct and how the policymaker knew of and ratified defendant Brown's conduct. *See Lytle v. Carl,* 382 F.3d 978, 987 (9th Cir. 2004) ("To show ratification, a plaintiff must show that the authorized policymakers approve a subordinate's decision and the basis for it. . . A mere failure to overrule a subordinate's actions, without more, is insufficient to support a [Section] 1983 claim."); *Zuegal v. Mountain View Police Department*, 17-cv-3249-BLF, 2020 WL 5076628 at *10 (N.D. Cal. Aug. 27, 2020) ("The policymaker must have actual knowledge of the constitutional violation and affirmatively approve of it – a failure to overrule a subordinate's actions is insufficient to support a § 1983 claim.").

**C. Fifth Cause of Action: Retaliation – Exercising Free Speech Monell Action-Based on Policy of Failure to Train or Supervise in Violation of 42 U.S.C. §1983**

The County argues the complaint fails to allege facts identifying specific training, how a

lack of training cause plaintiff's harm, and how training was deficient. Dkt. No. 22 at 8. Plaintiff argues he alerted the County of harassment and asked the County to intervene. Dkt. No. 30 at 13.

The complaint alleges "Defendant Brown and employees . . . clearly lacked sufficient training to prevent and cease his harassment, discrimination, and retaliation against the Plaintiff in the workplace" and "[t]he training policies of Defendant County were and are not adequate to train or supervise its employees to handle the usual and recurring situations with which they must deal and handle." Dkt. No. 1 at ¶¶ 124, 130. The complaint adds "Defendant County showed a deliberate indifference, a conscious disregard of the constitutional rights of its employees, and specifically, Mr. Flesch, in failing to train Defendant Brown to obey the laws of the State of California and the Federal laws of the United States, including the United States Constitution." *Id*. at ¶ 125.

The Court finds the complaint fails to identify the specific training that the County allegedly failed to train defendant. *Compare Mackie v. County of Santa Clara*, 444 F.Supp.3d 1094, 1113 (N.D. Cal. Mar. 13, 2020) (finding failure to train claim sufficient where a complaint alleged specific training failures "with regard to the interaction with crime victims and the perpetrators") *with Martinez v. City of Santa Rosa*, 499 F.Supp.3d 748, 751 (N.D. Cal. Nov. 5, 2020) (finding failure to train claim insufficient where plaintiff alleged defendant had generic and boilerplate "custom and practice of infringing on peoples' right to assemble, to protest, and to express their political beliefs on the basis of the content of the protestors' speech"). Moreover, the complaint fails to plead sufficient facts demonstrating the County made a conscious or deliberate choice to risk a likely violation of constitutional rights. *See Price v. Sery*, 513 F.3d 962, 973 (9th Cir. 2008) (holding one must demonstrate a "conscious" or "deliberate" choice on the part of a municipality in order to prevail on a failure to train claim")

**D. Seventh Cause of Action: Discrimination – Title VII of the Civil Rights Act of 1964**

The County argues plaintiff failed to plead and prove timely exhaustion of administrative remedies with Department of Fair Employment and Housing (DFEH). Dkt. No. 22. Plaintiff argues the complaint adequately pleads exhaustion of administrative remedies, but offers to "provide such details in an amended complaint." Dkt. No. 30 at 13.

The complaint does not include the dates in which plaintiff filed with DFEH. Therefore, the Court finds the complaint fails to adequately plead its seventh case of action. *See Kim v. Konad USA Distribution, Inc*., 226 Cal.App.4th 1336, 1345, 172 Cal.Rptr.3d 686 (2014) ("[I]t is plaintiff's burden to plead and prove timely exhaustion of administrative remedies, such as filing a sufficient complaint with [DFEH] and obtaining a right-to-sue letter.") (internal citation and quotation omitted).

**E. Tenth Cause of Action: Religious Discrimination – California Fair Employment and Housing Act**

Defendant argues the complaint fails to allege plaintiff was treated differently because of his Jewish faith. Dkt. No. 22 at 12. Plaintiff argues the complaint alleged "Defendants treated Plaintiff differently from other similarly situated [persons] . . .intentionally, and there was no rational basis, let alone any heighted basis of scrutiny, for the difference in treatment" and gave examples of non-Jewish supervisors making anti-Semitic comments. Dkt. No. 30 at 15.

The Court finds the complaint fails to sufficiently plead discrimination under the FEHA. Discrimination under the FEHA "addresses only *explicit* changes in the terms, conditions, or privileges of employment . . . the *institution* or *corporation* itself must have taken some official action with respect to the employee, such as hiring, firing, failing to promote, adverse job assignment, significant change in compensation or benefits, or official disciplinary action." *Roby v. McKesson Corp*, 219 P.3d 749, 788 (2009). The complaint does not identify plaintiff's employer and does not allege the actions by defendant Brown were made on behalf of the County. *See id.* ("[D]iscrimination refers to bias in the exercise of official actions on behalf of the employer"). For this additional reason, the Court **GRANTS** the County's motion to dismiss, with leave to amend.

**F. Twelfth Cause of Action: Harassment-California Fair Employment and Housing Act**

The County argues the complaint does not sufficiently allege conduct that is severe or pervasive enough to constitute harassment. Dkt. No. 22 at 10. Without citing any case law, plaintiff argues the complaint does not need to allege conduct that seriously affected his psychological well-being.

Dkt. No. 30 at 14.

The Court finds the complaint fails to sufficiently plead harassment under the FEHA. Harassment under the FEHA "does not involve any official exercise of delegated power on behalf of the employer . . . [and] focuses on situations in which the social environment of the workplace becomes intolerable because the harassment (whether verbal, physical, or visual) communicates an offensive message to the harassed employee." *Roby v. McKesson Corp*, 219 P.3d 749, 788 (2009). However, the complaint fails to sufficiently plead the alleged actions were sufficiently severe and pervasive to create an abusive working environment. *See McRae v. Dept. of Corrections & Rehabilitation*, 48 Cal.Rptr.3d 313, 324 (2006) (explaining harassment under FEHA requires showing of "discriminatory intimidation, ridicule, and insult" that is "sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment" [the law] is violated.") (intern citation and quotations omitted). For this additional reason, the Court **GRANTS** the County's motion to dismiss, with leave to amend.

**G. Fourteenth and Fifteenth Causes of Action: IIED and NIED**

Finally, the County argues the complaint fails to sufficiently plead severe emotional distress for the IIED and NIED causes of action. Dkt. No. 22 at 14-15. For the same reasons discussed above, the Court finds the complaint fails to sufficiently plead IIED and NIED. For this additional reason, the Court **GRANTS** the County's motion to dismiss, with leave to amend.

///

///

///

**CONCLUSION**

For the foregoing reasons, the Court **GRANTS** the motions to dismiss filed by Defendant Brown and the County of Lake, **GRANTS** plaintiff leave to amend, and **DENIES AS MOOT** Defendant Brown's Motion to Strike. *See* Dkt. No. 24 (Defendant Brown's Reply to Plaintiff's Opposition) at 2 ("[T]he motion is now moot on its merits."). Plaintiff has thirty days from the date of this order to submit an amended complaint.

**IT IS SO ORDERED**.

Dated: August 17, 2021

SUSAN ILLSTON
United States District Judge