UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL G. FLESCH,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF LAKE, et al.,<br><br>Defendants. | Case No. 21-cv-02018-SI<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 54 |

Before the Court is defendant County of Lake's motion to dismiss plaintiff's first amended complaint, specifically, the following claims: Religious Discrimination under Title VII (First Claim), Whistleblower Retaliation under California Labor Code § 1102.5 (Third Claim), Retaliation for First Amendment Speech Exercise – 18 U.S.C. § 1983 (Fourth and Fifth Claims), Religious Discrimination under FEHA (Sixth Claim), and Religious Harassment under FEHA (Eighth Claim). Dkt. No. 54. Based on the pleadings and the arguments raised in the parties' respective briefing papers, the Court finds the motion appropriate for resolution without oral argument and hereby **VACATES** the hearing set for December 17, 2021 per Local Rule 7-1(b).

For the claims of Religious Discrimination under Title VII (First Claim), Retaliation for First Amendment Speech Exercise (Fourth and Fifth Claims), Religious Discrimination under FEHA (Sixth Claim), and Religious Harassment under FEHA (Eighth Claim), the Court finds the FAC has alleged adequate facts to plausibly raise the right of relief above a speculative level, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and hereby **DENIES** defendant's motion as it pertains to those claims.

However, the Court will **GRANT** defendant's motion as it pertains to the claim of Retaliation under California Labor Code § 1102.5 (Third Claim). Under the California Tort Claims

Act (the "Act"), before filing a state law claim for "money or damages" against a public entity,[1] a claimant must present a "written claim" to the board of supervisors of the public entity. Cal. Govt. Code § 945.4. The Act applies here and provides:

> (a) A claim…shall be presented to a local public entity by any of the following means:
>
> (1) Delivering it to the clerk, secretary, or auditor thereof.
>
> (2) Mailing it to the clerk, secretary, auditor, or to the governing body at its principal office.
>
> (3) If expressly authorized … submitting it electronically to the public entity … .

Cal. Govt. Code § 915(a)(1). Defendant is correct that the FAC is devoid of facts that would permit the Court to infer compliance with the Act's claim-filing rule. Subsequent documents filed by plaintiff in a declaration suggest plaintiff filed his claims with the proper clerk. Dkt. No. 59-1, Exs. A, B (Claim form directed to "Clerk of the Board" and received on February 5, 2019). However, even if the Court were permitted to consider materials outside the pleadings in a motion to dismiss,[2] without further information the Court cannot determine whether plaintiff complied with Cal. Govt. Code § 945.6(a). That code section requires that lawsuits subject to the claim-presentation requirement be brought within six months of when the public entity issues a written notice either acting upon or denying the complaint, or if no written notice is sent, within two years of the accrual of the cause of action. *Willis v. City of Carlsbad*, 48 Cal.App.5th 1104, 1119 (2020) ("The deadline for bringing a lawsuit against the public entity after a claim has been acted upon or deemed denied 'is a true statute of limitations.'"). The complaint does not allege what response, if any, the public

---

[1] FEHA claims are exempt. *Snipes v. City of Bakersfield,* 145 Cal.App.3d 861, 865 (1983).

[2] Typically, courts may not consider documents outside of the pleadings when deciding factual sufficiency under Rule 12(b)(6). *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003). However, when a plaintiff incorporates documents "by reference" into a complaint and "refers extensively to the document or the document forms the basis of the plaintiff's claim," the court may look to the extrinsic documents. *Id*. at 708. Here, the FAC does not refer to the later-added documents attached to plaintiff's counsel's declaration in support of plaintiff's opposition.

entity provided, or when. Accordingly, on the present pleadings the Court cannot determine whether this claim is timely brought. Therefore, the Court dismisses the claims with leave to amend to detail plaintiff's compliance with the Act. **Any amended complaint must be filed on or before December 21, 2021.**

**IT IS SO ORDERED**.

Dated: December 16, 2021

_____
SUSAN ILLSTON
United States District Judge